IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



LAMAR ADAMS                                                    PLAINTIFF

v.                                                     CIVIL ACTION NO. 3:06cv127HTW-JCS

PLEKO SOUTHEAST CORPORATION; PLEKO
PRODUCTS, INC.; FAR HOLDINGS, L.L.C.;
FAR HOLDINGS, L.L.C.; FAR HOLDINGS
COMPANY, L.L.C.; PPI INTERNATIONAL,
LTD.; THE ROBERTS GROUP, INC.; ROBERTS
ASSOCIATES, INC.; MERLE E. ROBERTS;
DOROTHY B. ROBERTS; BYRD & COOK
WALL AND STRUCTURE COATINGS, INC.;
OHIO CASUALTY COMPANY; CENTENNIAL
INSURANCE COMPANY;
TRANSCONTINENTAL INSURANCE
COMPANY; CONTINENTAL CASUALTY
COMPANY; AMERICAN EMPLOYERS
INSURANCE COMPANY A/K/A ONE BEACON
INSURANCE COMPANY; ST. PAUL FIRE AND
MARINE INSURANCE COMPANY; AND JOHN
DOES #1-50;                                                  DEFENDANTS

## JOINT NOTICE OF REMOVAL

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
        DISTRICT OF MISSISSIPPI, JACKSON DIVISION

Honorable Lee Westbrook
P.O. Drawer 1626
Canton, Mississippi 39046

MADISON COUNTY CIRCUIT CLERK

Richard A. Freese, Esq.
SWEET & FREESE, PLLC
2900 Highway 280, Suite 240
Birmingham, Alabama 35233

Mark Pearson, Esq.
PEARSON & BARIA
P.O. Box 3873
Jackson, Mississippi 39207

David Baria, Esq.
BARIA, HAWKINS & STRACENER, PLLC
P.O. Box 24627
Jackson, Mississippi 39225

ATTORNEYS FOR PLAINTIFFS

Roland M. Slover, Esq.
FORMAN PERRY WATKINS KRUTZ & TARDY
P.O. Box 22608
Jackson, Mississippi 39225-2608

ATTORNEY FOR DEFENDANT PLEKO SOUTHEAST CORPORATION

Douglas Bagwell, Esq.
CARR ALLISON
14231 Seaway Road
Building 2000, Suite 2001
Gulfport, Mississippi 39503

ATTORNEY FOR DEFENDANT OHIO CASUALTY COMPANY

James N. Bullock, Esq.
SHELL BUFORD
P.O. Box 157
Jackson, Mississippi 39205

ATTORNEY FOR DEFENDANT CENTENNIAL INSURANCE COMPANY

John Hooks, Esq.
ADAMS AND REESE, LLP
P.O. Box 24297
Jackson, Mississippi 39225-4297

ATTORNEY FOR DEFENDANT BYRD & COOK WALL AND COATINGS, INC.

Myles Parker, Esq.
Robert Douglas Morgan, Esq.
CARROLL WARREN & PARKER
P.O. Box 1005
Jackson, MS 39215-1008

ATTORNEYS FOR DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY

Paul V. Ott
735 N. President Street
Jackson, MS 39225

ATTORNEY FOR AMERICAN EMPLOYERS INSURANCE COMPANY
A/K/A ONE BEACON INSURANCE COMPANY

John J. Placzkowski, Jr.
Registered Agent for Defendant Pleko Products, Inc.
2456 Blanding Boulevard
Middleburg, Florida 32068

Richard Franco
Registered Agent for Defendant Far Holdings, L.L.C.
5820 South Clay Avenue
Springfield, Missouri 65810

Ronald K. Frandsen
Registered Agent for Defendant Far Holdings, L.L.C.
2647 East Kenwood Street
Mesa, Arizona 85213

Frank A. Rossi
Registered Agent for Defendant Far Holdings Company, L.L.C.
11758 Brookside Drive
Palos Park, Illinois 60464

James A. Krueger
Registered Agent for Defendant PPI International, Ltd.
1201 Pacific Avenue, #1900
Tacoma, Washington 98402

The Roberts Group
Registered Agent for Defendant The Roberts Group, Inc.
2646 Alliston Court
Columbus, Ohio 43220

Transcontinental Agents, Inc.
Registered Agent for Defendant Roberts Associates, Inc.
50 West Broad Street, #1200
Columbus, Ohio 43215

Merle E. Roberts
2646 Alliston Court
Columbus, Ohio 43220

3

Dorothy B. Roberts
2646 Alliston Court
Columbus, Ohio 43220

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Transcontinental Insurance Company ("Transcontinental") and Continental Casualty Company ("Continental Casualty") (collectively, the "Removing Defendants"), subject to all their defenses, including their Rule 12 defenses, hereby remove this case and give notice of the removal of this Action from the Circuit Court of Madison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Jackson Division. As grounds for this removal, Removing Defendants state:

1. This Action was commenced on or about January 19, 2006 by the filing of a Complaint in Civil Action No. CI-2006-0014-R in the Circuit Court of Madison County, Mississippi. Certified copies of all process, pleadings, and orders or record in this action are attached to this Notice of Removal as collective ex. A and are incorporated herein by reference.

2. Transcontinental was putatively served with process on February 6, 2006, through CT Corporation System. Continental Casualty was putatively served with process on February 6, 2006, through CT Corporation System.

3. On information and belief, Centennial Insurance Company ("Centennial") was putatively served with process on February 6, 2006. On information and belief, Ohio Casualty Company ("Ohio Casualty") was putatively served with process on or about February 6, 2006. On information and belief, St. Paul Fire and Marine Insurance Company ("St. Paul") was putatively served with process on February 6, 2006. On information and belief, American Employers Insurance Company a/k/a One Beacon Insurance Company ("One Beacon") was

4

putatively served with process on or about February 15, 2006. Accordingly, no Removing Defendant was served or putatively served with process in this matter more than 30-days from the date on which this case is being removed.

4. Defendants Centennial, Ohio Casualty, One Beacon, and St. Paul (along with the Removing Defendants, collectively referred to as the "Insurer Defendants") each expressly join in this Notice of Removal.

5. Accordingly, this Notice of Removal is timely filed within 30-days of receipt of the pleading from which Removing Defendants could ascertain that the case is properly removable in accordance with the provisions of 28 U.S.C. § 1446(b). Such removal is therefore timely under 28 U.S.C. § 1446(b). See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 356 (1999).

6. Defendants Pleko Southeast Corporation, Pleko Products, Inc., Far Holdings, L.L.C., Far Holdings, L.L.C., Far Holdings Company, L.L.C., PPI International, Ltd., The Roberts Group, Inc., Roberts Associates, Inc., Merle E. Roberts, Dorothy B. Roberts, Byrd & Cook Wall and Structure Coatings, Inc. (collectively, the "Stucco Defendants") have been improperly joined and/or misjoined in an improper attempt to destroy diversity jurisdiction. Accordingly, it is not necessary that the Stucco Defendants join in this Notice of Removal.

7. The allegations in Plaintiffs' Complaint against the Stucco Defendants are centered upon the construction, sale and/or repair of Plaintiff's residence. Specifically, Plaintiff complains that the Exterior Insulation Finishing System ("EIFS"), commonly referred to as synthetic stucco, was defectively manufactured, designed, promoted, marketed, distributed, sold and installed by the various Stucco Defendants.

8. The allegations in Plaintiff's Complaint against the Insurer Defendants are in the form of a request for declaratory judgment as to whether the Insurer Defendants have a duty to indemnify certain of the Stucco Defendants for the claims asserted by Plaintiff against those Stucco Defendants. The contractual insurance coverage claims against the Insurer Defendants are separate and distinct from the products claims Plaintiff asserted against the Stucco Defendants.

### Diversity Jurisdiction

9. Among the only properly joined and served parties, there is complete diversity of citizenship between the Plaintiff, a Mississippi resident, on the one hand, and the Insurer Defendants, each non-residents of the State of Mississippi, on the other. Accordingly, this Court has federal diversity jurisdiction of all claims asserted by the Plaintiff against the Insurer Defendants.

10. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest and costs. In his Complaint, Plaintiff demands Judgment against the Stucco Defendants for (a) actual and compensatory damages, (b) punitive damages, and (c) interest and costs of suit. (Compl. at *passim* and at Damages, ¶¶ 123-124). Plaintiff then demands Declaratory Judgment against the Insurer Defendants that they are liable for such damages under the Stucco Defendants' insurance policies. Thus, Plaintiff claims that the Insurer Defendants are liable to pay any judgment, subject to policy limits, that the Stucco defendants may become obligated to pay. Thus, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

11. For the foregoing reasons, this Action is one of a civil nature and the United States District Court for the Southern District of Mississippi, Jackson Division, has jurisdiction pursuant to 28 U.S.C. §§ 1332 & 1367. Pursuant to 28 U.S.C. § 1446(d), all parties are being

provided with written notice of removal, and a copy of this notice of removal is being filed with the Clerk of the Circuit Court of Madison County, Mississippi.

### A. Citizenship of Plaintiff

12. According to Plaintiff's Complaint, Plaintiff Lamar Adams is an adult resident citizen of the State of Mississippi. (Cmpl. at ¶ 3.) Adams is a citizen only of the State of Mississippi for diversity jurisdiction purposes.

### B. Citizenship of Insurer Defendants

13. Plaintiff alleges Defendant Ohio Casualty is a foreign corporation doing business in Mississippi. (Id. at ¶15.) On information and belief, Ohio Casualty is an Ohio corporation with its principal place of business in the State of Ohio. Ohio Casualty is, therefore, a citizen only of the State of Ohio for diversity jurisdiction purposes.

14. Plaintiff alleges Defendant Centennial is a foreign corporation doing business in Mississippi. (Id. at ¶16.) On information and belief, Centennial is a New York corporation with its principal place of business in the State of New York. Centennial is, therefore, a citizen only of the State of New York for diversity jurisdiction purposes.

15. Plaintiff alleges Defendant Transcontinental is a foreign corporation doing business in Mississippi. (Id. at ¶17.) Transcontinental is a New York corporation with its principal place of business in the State of Illinois. Transcontinental is, therefore, a citizen only of the States of New York and Illinois for diversity jurisdiction purposes.

16. Plaintiff alleges Defendant Continental Casualty is a foreign corporation doing business in Mississippi. (Id. at ¶18.) Continental Casualty is an Illinois corporation with its principal place of business in the State of Illinois. Continental Casualty is, therefore, a citizen only of the State of Illinois for diversity jurisdiction purposes.

17. Plaintiff alleges Defendant One Beacon is a foreign corporation doing business in Mississippi. (Id. at ¶19.) On information and belief, One Beacon is a Massachusetts corporation with its principal place of business in the Commonwealth of Massachusetts. One Beacon is, therefore, a citizen only of the Commonwealth of Massachusetts for diversity jurisdiction purposes.

18. Plaintiff alleges Defendant St. Paul is a foreign corporation doing business in Mississippi. (Id. at ¶20.) On information and belief, St. Paul is a Minnesota corporation with its principal place of business in the State of Minnesota. St. Paul is, therefore, a citizen only of the State of Minnesota for diversity jurisdiction purposes.

19. Thus, as between Plaintiff, a citizen of Mississippi, and the Insurer Defendants, citizens of Ohio, New York, Illinois, Massachusetts and Minnesota, there is complete diversity of citizenship.

### C. Citizenship of Egregiously and Improperly Misjoined Stucco Defendants and Fictitious Defendants

20. Plaintiff alleges Defendant Pleko Southeast Corporation ("Pleko") is a Florida corporation with its principal place of business outside of the State of Mississippi. (Id. at ¶5.) Plaintiff alleges Defendant Pleko Products, Inc. ("Pleko Products") is a Florida corporation with its principal place of business outside of the State of Mississippi. (Id. at ¶6.) Plaintiff alleges Defendant Far Holdings, L.L.C. ("Far Missouri") is a Missouri with its principal place of business outside of the State of Mississippi. (Id. at ¶7.) Plaintiff alleges Defendant Far Holdings, L.L.C. ("Far Arizona") is an Arizona corporation with its principal place of business outside of the State of Mississippi. (Id. at ¶8.) Plaintiff alleges Defendant Far Holdings Company, L.L.C. ("Far Holdings") is an Illinois corporation with its principal place of business

8

outside of the State of Mississippi. (Id. at ¶9.) Plaintiff alleges Defendant PPI International, LTD ("PPI") is a Washington corporation with its principal place of business outside of the State of Mississippi. (Id. at ¶10.) Plaintiff alleges Defendant The Roberts Group, Inc. ("Roberts Group") is a foreign corporation with its principal place of business outside of the State of Mississippi. (Id. at ¶11.) Plaintiff alleges Defendant Roberts Associates, Inc. ("Roberts Associates") is a foreign corporation with its principal place of business outside of the State of Mississippi. (Id. at ¶12.) Plaintiff alleges Defendants Merle E. Roberts and Dorothy B. Roberts (collectively, the "Roberts") are adult resident citizens of the State of Ohio. (Id. at ¶13.)

21. The claims against these Stucco Defendants, none of whom reside in the State of Mississippi, have been egregiously and/or improperly misjoined with the separate and distinct coverage claims against the Insurer Defendants. Accordingly, the citizenship of these egregiously and/or improperly joined Stucco Defendants should not be considered in determining diversity jurisdiction.

22. Plaintiff alleges Defendant Byrd & Cook Wall and Structure Coatings, Inc. ("Byrd & Cook") is a Mississippi corporation with its principal place of business in the State of Mississippi. (Id. at ¶14.) On information and belief, Byrd & Cook is a Mississippi corporation with its principal place of business in the State of Mississippi. However, as with the additional Stucco Defendants, the claims by Plaintiff against this resident Stucco Defendant have been egregiously and/or improperly misjoined with the separate and distinct coverage claims against the Insurer Defendants and should not be considered in determining diversity jurisdiction.

23. Fictitious Defendants "A", "B", and "C" are fictitious parties whose presence should be disregarded in determining diversity. 28 U.S.C. § 1441(a).

9

### Egregious\Improper Misjoinder

24. Plaintiff egregiously and/or improperly misjoined the products liability and breach of warranty claims asserted against the Stucco Defendants with the insurance coverage claims asserted against the Insurer Defendants. In re Benjamin Moore & Co., 318 F.3d 626, 630 (5th Cir. 2002); In re: Benjamin Moore & Company, 309 F. 3d 296, 298 (5th Cir. 2002); Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated in part on other grounds,* Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000); Smith v. Nationwide Mutual Ins. Co., 286 F. Supp. 2d 777 (S.D. Miss. 2003); Coleman et al. v. Conseco, Inc. et al., 2002 WL 31924824 (Barbour, J.) (S.D. Miss. 12/30/02).

25. Plaintiff's claims against the Stucco Defendants sound in tort and breach of warranty and stem from allegations against (1) the product manufacturers, distributors, and sellers for defective manufacturing, design, testing, development, marketing, promoting, distributing and selling, and (2) the product installer for defective installation, marketing, promotion, warranty and distribution. Based on these allegations, Plaintiff brings claims against the Stucco Defendants for fraud, negligence, wantonness, product liability, breach of warranty and breach of contract. (Cmpl. at ¶2.) In short, Plaintiff is prosecuting a <u>products liability action</u> against the Stucco Defendants.

26. Plaintiff's claims against the Insurer Defendants are altogether different. Importantly, none of the claims asserted against the Stucco Defendants (for fraud, negligence, wantonness, product liability, breach of warranty and breach of contract) are asserted against the Insurer Defendants. Instead, the claims against the Insurer Defendants are in the form solely of an action for Declaratory Judgment seeking an <u>contractual insurance coverage determination</u>.

27.     Specifically, Plaintiff seeks declaratory relief against the Insurer Defendants that the Insurer Defendants are legally obligated to pay any damages that the unspecified insureds may become "legally obligated to pay as a result of any monetary damages assessed against the insured in this lawsuit." (Cmpl. at ¶119.) Despite Plaintiff's failure to allege which Stucco Defendants are insured by which Insurer Defendants, when the subject property was built or remodeled with the EIFS system, which policy from which carrier was in place at the time the subject property was built or remodeled with the EIFS system, and other information critical to a coverage determination, it is clear that the separate and distinct claims against the Insurer Defendants have been egregiously and\or improperly misjoined with the claims against the Stucco Defendants for the purpose of avoiding federal diversity jurisdiction.

28.     Rule 57 of the Mississippi Rules of Civil Procedure provides for "a direct action for the limited purpose of a declaratory judgment" against an insurer who has indicated that it has or may deny coverage. See Miss. R. Civ. P. 57(b). However, Rule 57 gives way to other joinder and evidentiary rules which prohibit the introduction of evidence of insurance in underlying tort actions. Id. The Mississippi Supreme Court recently held that it is reversible error for the Court to try a declaratory judgment coverage action with the underlying tort action. Capital City Ins. Co. v. G.B. "Boots" Smith Corp., 889 So. 2d 505, 511 (Miss. 2005) (abuse of discretion not to bifurcate trial to separate underlying dispute between plaintiff and insured from coverage dispute between insured and insurer). Hence, the underlying products claims in this lawsuit against the Stucco Defendants and the separate and distinct insurance coverage claims against the Insurer Defendants cannot be tried together.

29.     Rule 20 permits joinder of multiple defendants only if the alleged right to relief arises out of "the same transaction, occurrence, or series of transactions or occurrences, and if

11

any question of law or fact common to all these persons will arise in the action." See Miss. R. Civ. P. 20(a); American Bankers Inc. of Florida v. Alexander, 818 So. 2d 1073, 1078 (Miss. 2001); Janssen Pharmaceutica, Inc. v. Bailey, 878 So. 2d 31 (Miss. 2004). Before multiple parties may be joined as defendants, "[b]oth of these requirements must be satisfied in order to sustain party joinder under Rule 20(a)...." Janssen Pharmaceutica, 878 So. 2d at 46; see also Miss. R. Civ. P. 20(a), cmt; Alexander, 818 So. 2d at 1078.

30. Plaintiff maintains separate and distinct products liability and negligence allegations against the Stucco Defendants and insurance coverage allegations against the Insurer Defendants. (Cmpl. at ¶¶ 113-122.). Plaintiff is not asserting any right to joint and several relief against the Stucco Defendants and the Insurer Defendants. Moreover, it would be an abuse of discretion for a Court to hold the insured and the insurer jointly and severally liable on any underlying judgment against the insured. Capital City Ins. Co., Inc. v. Ringgold Timber Co., Inc., 898 So. 2d 680, 683-84 (Miss. App. 2005)

31. The pleadings demonstrate the claims against the Insurer Defendants are unique and intrinsically distinct from the claims against the Stucco Defendants. Hence, Rule 20(a)'s requirement that Plaintiff demonstrate "any question of law or fact common to all [defendants]" can not be satisfied and joinder of the insurance coverage claims against the Insurer Defendants with the products liability claims against the Stucco Defendants is improper.

32. Alternatively, were the Court to determine the Stucco Defendants are necessary parties to the declaratory judgment against the Insurer Defendants, the Stucco Defendants should be realigned with Plaintiffs in the severed declaratory judgment matter because the interests of the Stucco Defendants are aligned with Plaintiff. Further, in this event, one Insurer Defendant, Ohio Casualty, has been improperly joined as there is no reasonable possibility of recovery

against it because its policies did not cover any Stucco Defendant when the subject home was constructed using the EIFS system. Disregarding the improperly joined Insurer Defendant Ohio Casualty, none of the Insurer Defendants are citizens of the same states as any of the realigned parties, i.e. the Plaintiff and the Stucco Defendants. Accordingly, the Court has diversity jurisdiction over the coverage claims.

## Conclusion

33. Complete diversity of citizenship exists between the Plaintiff, a Mississippi resident, and all properly joined and served Insurer Defendants. Further, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost. Thus, the insurance coverage controversy is, and at the time of the commencement was, and at all times has been, a controversy between citizens of different states.[1] Hence, the Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332.

WHEREFORE, Removing Defendants file this Notice of Removal and remove this civil action from the Circuit Court of Madison County to the United States District Court for the Southern District of Mississippi, Jackson Division. Plaintiffs are hereby notified to proceed no further in state court.

This the 6th day of March, 2006.

---

[1] Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any Defendants' right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the putative claims; (8) failure to join an indispensable party(ies); (9) waiver, or (10) any other pertinent defense available under Miss. or Fed. R. Civ. P. 12, any state or federal statute or otherwise. Defendants specifically reserve said defenses.

Respectfully submitted,

TRANSCONTINENTAL INSURANCE COMPANY and
CONTINENTAL CASUALTY COMPANY

_____
Robert A. Miller (MSB #3305)
Robert M. Frey (MSB #5531)
Meade W. Mitchell (MSB #9649)
P. Ryan Beckett (MSB #99524)

THEIR ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, AmSouth Plaza
Post Office Box 22567
Jackson, Mississippi 39225-2567
(P)(601) 948-5711
(F)(601) 985-4500
(E) bobby.miller@butlersnow.com
(E) meade.mitchell@butlersnow.com
(E) ryan.beckett@butlersnow.com

## CERTIFICATE OF SERVICE

I, Meade W. Mitchell, one of the attorneys for the Removing Defendants, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following, via the means indicated below:

**Via Hand Delivery**
Honorable Lee Westbrook
P.O. Drawer 1626
Canton, Mississippi 39046

MADISON COUNTY CIRCUIT CLERK

**Via First Class United States Mail**
Richard A. Freese, Esq.
SWEET & FREESE, PLLC
2900 Highway 280, Suite 240
Birmingham, Alabama 35233

**Via First Class United States Mail**
Mark Pearson, Esq.
PEARSON & BARIA
P.O. Box 3873
Jackson, Mississippi 39207

**Via First Class United States Mail**
David Baria, Esq.
BARIA, HAWKINS & STRACENER, PLLC
P.O. Box 24627
Jackson, Mississippi 39225

ATTORNEYS FOR PLAINTIFF LAMAR ADAMS

**Via First Class United States Mail**
Roland M. Slover, Esq.
Forman Perry Watkins Krutz & Tardy
P.O. Box 22608
Jackson, Mississippi 39225-2608

ATTORNEY FOR DEFENDANT PLEKO SOUTHEAST CORPORATION

**Via First Class United States Mail**
Douglas Bagwell, Esq.
CARR ALLISON
14231 Seaway Road
Building 2000, Suite 2001
Gulfport, Mississippi 39503

ATTORNEY FOR DEFENDANT OHIO CASUALTY COMPANY

**Via First Class United States Mail**
James N. Bullock, Esq.
Shell Buford
P.O. Box 157
Jackson, Mississippi  39205

ATTORNEY FOR DEFENDANT CENTENNIAL INSURANCE COMPANY

15

**Via First Class United States Mail**
John Hooks, Esq.
ADAMS AND REESE, LLP
P.O. Box 24297
Jackson, Mississippi 39225-4297

ATTORNEY FOR DEFENDANT BYRD & COOK WALL AND COATINGS, INC.

**Via First Class United States Mail**
Myles Parker, Esq.
Robert Douglas Morgan, Esq.
CARROLL WARREN & PARKER
P.O. Box 1005
Jackson, MS 39215-1008

ATTORNEYS FOR DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY

**Via First Class United States Mail**
Paul V. Ott
735 N. President Street
Jackson, MS 39225

ATTORNEY FOR AMERICAN EMPLOYERS INSURANCE COMPANY A/K/A ONE BEACON INSURANCE COMPANY

**Via First Class United States Mail**
John J. Placzkowski, Jr.
Registered Agent for Defendant Pleko Products, Inc.
2456 Blanding Boulevard
Middleburg, Florida 32068

**Via First Class United States Mail**
Richard Franco
Registered Agent for Defendant Far Holdings, L.L.C.
5820 South Clay Avenue
Springfield, Missouri 65810

**Via First Class United States Mail**
Ronald K. Frandsen
Registered Agent for Defendant Far Holdings, L.L.C.
2647 East Kenwood Street
Mesa, Arizona 85213

16

**Via First Class United States Mail**
Frank A. Rossi
Registered Agent for Defendant Far Holdings Company, L.L.C.
11758 Brookside Drive
Palos Park, Illinois 60464

**Via First Class United States Mail**
James A. Krueger
Registered Agent for Defendant PPI International, Ltd.
1201 Pacific Avenue, #1900
Tacoma, Washington 98402

**Via First Class United States Mail**
The Roberts Group
Registered Agent for Defendant The Roberts Group, Inc.
2646 Alliston Court
Columbus, Ohio 43220

**Via First Class United States Mail**
Transcontinental Agents, Inc.
Registered Agent for Defendant Roberts Associates, Inc.
50 West Broad Street, #1200
Columbus, Ohio 43215

**Via First Class United States Mail**
Merle E. Roberts
2646 Alliston Court
Columbus, Ohio 43220

**Via First Class United States Mail**
Dorothy B. Roberts
2646 Alliston Court
Columbus, Ohio 43220

THIS the 6th day of March, 2006.

_____
MEADE W. MITCHELL

Jackson 1263715v.3